Our first case this morning is Mac Naughton v. Harmelech. Mr. Mac Naughton. Morning. Morning. James Mac Naughton, Pro Se. Before I get started in the small miracle category, I'd like to advise the court that we have settled one of the four underlying cases. It's the one that has, this docket is 18-2855. The underlying case has the docket number 16-9027. We will be filing papers to dismiss those cases. What's the name of the case? I believe it's Mac Naughton v. Alden Management Systems. Alden? Yes. Did somebody say Alden v. Alden? Yes. The New Jersey Supreme Court has articulated a very clear two-point standard for determining whether RPC 1.9 applies to disqualifying an attorney. Mr. Mac Naughton, we don't have the merits of the disqualification order before us. This is a collateral contempt sanction. And the rule is that you cannot collaterally attack the underlying basis for the court's order in a contempt. I tried. You did try. I did try. I did try to bring that order up before the court when it was issued. Right. You could have waited for a final judgment. There was a dismissal of the appeal as premature, essentially. That's correct. There was not a final judgment. And rather than abide by the court order and challenge it appropriately, you violated it repeatedly. And now we're here only on whether this was a reasonable sanction for the contempt. You haven't contested that you violated the order. Your only argument on appeal is that the order was not validly predicated. In other words, that there was no conflict of interest and for no basis to disqualify you. But that merits issue is not before us. Well, Your Honor, the specific order disqualified me from representing a company called Casco Bayholding LLC. Okay. The order, number one, was only in one case. It was not in the Palm Harbor case. It was not in the Russian media case. In fact, it was in both of those cases, particularly the Palm Harbor case. When I filed the case, I filed it as pro se, owning the judgment. And a motion was made to have me dismissed. And Judge Jargagian turned that down. And then subsequently, Judge Durkin, in reliance on the order in Judge Finneran's case, dismissed that case. So there was no collateral order in the Palm Harbor case. I suppose, you know, how far do you have to go to be collateral? It certainly was not ever put into the Russian media case. In fact, this court refused to take jurisdiction over the issue, saying that it was a case management order. Limited, on its face, the Sunnyside case. So I never got – there was no collateral order in the Palm Harbor case that I disobeyed. There was no collateral order in the Russian media case that was disobeyed. And yet, the court saw fit to reach into yet another case to rely on a case management order and a decision in another case to disqualify me. So, no, this isn't just simply a matter of a sanction for not obeying a court order. If that's the reasoning, then that applies only to the Sunnyside case. It does not apply to Palm Harbor. It does not apply to the Russian media case. And in those cases, yes, the rule in the New Jersey Supreme Court does apply. These are all attempts to collect the RMG judgment, are they not? Yes, they are. All right. That means you've been disqualified. That's what Judge Holderman's order said. From taking any part, you shall have no further action in connection with the RMG judgment. That's the language of the disqualification order. That did not leave you at liberty to continue to represent yourself or your company in trying to – or anybody else in trying to collect that judgment. And that's what all of these actions are. They're efforts to collect a judgment when you've been disqualified from any litigation in that respect. Well, Your Honor, if I cannot get review of the issue by this court, then how can I ever challenge the validity of the order? You wait until the final judgment in the case in which the order was issued, and you bring an appeal from that. You can't violate the order in the meantime, and that's what you've done. And so right now, all we have before us is whether the contempt sanction that was assessed in all of these cases of dismissal was an abuse of discretion. In the Maurice case, Your Honor, the court took under review a contempt citation. Okay? Why? Because there was no opportunity to get review of that contempt citation before that time. I can understand that these are difficult issues and a reluctance to try to take them on, but when do I get my day in court, in this court, to defend my honor, to defend my actions? In the Sunnyside case, okay, what I was held in contempt for, or the reason I was sanctioned, is because I personally pursued my judgment, and I used information that was a matter of public record. I have a constitutional right to come into this court and protect my property rights. Is that your attorney's fees? I'm sorry? What's your property right? Oh, my property right is the judgment. I own the judgment. That's my property right. And when Judge Haldeman disqualified me, he recognized that property right, and he said that independent counsel could continue to pursue it, but that I couldn't help him. I couldn't be counsel of record. I could not point to my attorney and say, oh, by the way, in the public record is the following information that will help you collect this judgment. The court sealed my lips, and it did it in violation of my First Amendment rights. It did it in violation of my due process rights. If I cannot get a hearing on this issue, if Judge Haldeman disqualifies me based on a presumption that even this own court has said no longer has application, then where is the justice? Just because I'm an attorney, do I not get justice too? If you have any further questions, I'll be glad to answer them. Apparently not. Thank you. Thank you. Mr. Swan? May it please the Court, I'm Peter Swan arguing today on behalf of the Appellees. I think the Court has focused this appeal directly where it should be focused. It's on whether there's been an abuse of discretion by the district courts. To have an abuse of discretion in this case, there would have to be no evidence upon which the district courts could have rationally based their decision. I think there is evidence. There's evidence that there's the Haldeman judgment, of course. That's there. There's evidence of a violation of the Haldeman judgment or order. There's evidence that, in fact, confidential information was used. That's how Alden got sued by Mr. McNaughton because he knew about Alden's first move after getting the assignment. So I don't believe there's anything. Nothing's an erroneous decision of law. Clearly Rule 41 and the inherent authority of the district courts, they can issue sanctions when they believe an order's been violated, and they did in this situation. So there's no erroneous conclusions of law, and there's no clearly erroneous factual findings. Really, the facts are not disputed in this case. There was an order entered by Judge Haldeman, March 17, 2015. The order was clear. Mr. McNaughton could not enforce his judgment. He had to hire an attorney. That's all he had to do. He could hire an attorney and have that attorney enforce a judgment and just be quiet and not divulge all the information he knew. Instead, he took the exact opposite route. Instead of hiring an attorney, he assigned the judgment to himself and then filed multiple cases seeking to collect on the judgment using his own resources and his own knowledge. Clear violation. Mr. McNaughton doesn't come here today arguing that the sanction was inappropriate, too harsh, he doesn't argue that. He doesn't argue really that they don't have the ability to sanction. The district courts have that ability. He just wants to go back and have this court review Judge Haldeman's finding that there was a violation of 1.9, but this court really can't do that because there's no transcript of the evidentiary proceedings in this report. In our transcript here, he didn't submit them, so there's no way you can look at what evidence Judge Haldeman heard that day, and all you have is Judge Haldeman's opinion, and Judge Haldeman's opinion is very clear. He found that Mr. McNaughton received confidential information that could be used to enforce this judgment, and that that was a substantially related matter, and therefore there was a violation of Rule 1.9 requiring disqualification. It's a very well-reasoned order, and Mr. McNaughton just chose to violate it, and that's not what you can do. When there's an order entered, Mr. McNaughton talked about the Maris case, that there was a contempt provision cited, and that they took immediate appeal. Now, that's an exception in Manus. The Manus case holds that when there's an informational issue, such as you have to disclose certain information, and you're held in contempt for not disclosing it, that Manus case said, well, you can't unring that bell. When you disclose it, if you comply with the order, you can't unring that bell, so you get an interlocutory appeal of those type of decisions. In this case, there was no reason for an appeal. All Mr. McNaughton had to do was hire an attorney to enforce his judgment, and that was it. If the case resolved and he wanted to raise that issue, it might have been moot at that time, but he could have raised it on appeal when the case was over, or he could have sought a stay of that order and tried to do an appeal that way. So I believe the court has hit it directly on the head. This is really just a review of district court orders that were entered with their inherent authority and with their broad discretion, and it's whether they abused their discretion entering that order, and I don't think they did abuse their discretion because the only way to stop Mr. McNaughton from prosecuting this judgment is to dismiss the case. There's really nothing else they can do. So the dismissal was proper, and I believe that the court also properly held that there's no other issue that would allow the courts to have standing in this case. The only other theoretical issue was Mr. McNaughton's claim for attorney's fees, which has been adjudicated by the New Jersey court and denied, so that's not a claim. So I do not believe that this court need to go into whether Judge Holderman was correct in his order or whether there is a violation of Rule 1.9 focused solely on whether there has been an abuse of discretion. I'll take any questions the court has. No questions? Thank you. Thank you for your time. I'd like to correct the record. There was no confidential information being used to prosecute these cases. None. Judge Holderman did not find that confidential information was being used. He found there was presumption of use. It is that presumption that flies in the face of the Trupo's case and the applicable New Jersey law that applies to my conduct under RPC 1.9 in New Jersey. I'm going to ask a question that may sound dumb. What is the RMG judging? I'm sorry? The RMG judgment? Russian Media Group judgment. That's the judgment that was entered against my former clients that I obtained and then used to prosecute them. So what do you want? I'm sorry? What do you want? Money. Is this attorney's fees? No, it's a judgment. No, it's not attorney's fees. Why are you? You signed it to yourself, I guess. I signed it to myself, and I went to collect the money. You own the judgment, I guess. I own the judgment. Who owes the money? Oh, Shai Harmalik at this point. Your former client. My former client. Which gets me into Trupo's. Because when I went to law school. We're not going to talk about the merits of the disqualification order. That's not properly before us. With all due respect, Your Honor, you just said your client and then arched your eyebrow, and I'd like to be able to respond to that. This is your former client. That's just a factual statement. Former client. It doesn't require a response. Unless it's not factual, but it is factual. It is factual. It has nothing to do with any factual information, any confidential information. It's no different than if I had purchased the judgment of a third party. And if you're talking about unringing the bell, one of the constraints of 1.9 is that I am deprived of due process. I am deprived of the opportunity to come into court and press my property claims. I am deprived of the opportunity to come into court and use publicly available information to prosecute my property claims. And I haven't gotten a hearing from this panel on that subject. Thank you, Your Honor. Thank you. Our thanks to all counsel. The case is taken under advisement.